LEWIS ROBERTS, Respondent, *v.* DAVID D. PROSSER et al., Appellants.

A complaint, alleging that defendant as an assignee for the benefit of creditors had received a sum of money, of which by the terms of the assignment plaintiff was entitled to a share, and which defendant, although requested, has refused and neglected to pay over, sets forth a cause of action authorizing an arrest of the defendant, as specified in section 179 of the Code, *i. e.*, for money received by a person in a fiduciary capacity, and upon a judgment in such action an execution against the person of the judgment debtor may be issued. (Code, § 288.)

The fact that the denials in the answer in such an action render it necessary to take an account for the purpose of ascertaining the amount to which plaintiff is entitled does not change the character of the action or afford an excuse for the non-payment of the money when ascertained.

*Wood* v. *Henry* (40 N. Y., 124) distinguished.

(Argued May 23, 1873; decided September 23, 1873.)

APPEAL from judgment of the General Term of the Supreme Court affirming a judgment in favor of plaintiff, entered upon the decision of the court upon trial without a jury.

The nature of the action and the facts appear sufficiently in the opinion.

*David B. Prosser* for the appellants. The execution against the body of plaintiff was valid as the cause of action contained in the complaint warranted it. (Code, § 179,

sub. 2, § 288; *Wood* v. *Henry,* 40 N. Y., 124; *In re Watson,*
3 Lans., 415; *Smith* v. *People,* 47 N. Y., 336; *Stall* v. *King,*
8 How. Pr., 298; *Duguid* v. *Edwards,* 50 Barb., 288; *Scudder*
v. *Shields,* 17 How. Pr., 420; 16 id., 413; 19 Abb., 95; 1 R.
S., 730, § 65; *Briggs* v. *Davis,* 20 N. Y., 15; S. C., 21 id.,
574.)

*J. McGuire* for the respondent. No such relation existed
between the parties as authorized plaintiff's arrest. (*Stall* v.
*King,* 6 How. Pr., 298; *Duguid* v. *Edwards,* 32 id., 254;
*Bussing* v. *Thompson,* 15 id., 97; *Goodrich* v. *Dunbar,* 17
Barb., 644; *White* v. *Williams,* 5 Den., 269; *Cranson* v.
*Cutting,* 104 Mass., 245.) To authorize an execution against
the person the facts in the complaint must show a liability to
arrest. (*Wood* v. *Henry,* 40 N. Y., 124.)

RAPALLO, J. This is an action for false imprisonment,
brought against the defendants, who are attorneys-at-law, for
having caused the arrest of the plaintiff upon an execution
against his person.

The judgment upon which the execution was issued had
been recovered by Andrew Roberts, executor of James
Roberts, in an action against the plaintiff and one Myers,
who were general assignees of one Mills,. for the benefit
of his creditors. The present defendants were the attor-
neys for the plaintiff in that action. James Roberts was
a preferred creditor of Mills under the assignment, and
it˙was alleged in the complaint that the assignees had col-
lected and received, under the assignment, a sum sufficient,
according to the terms of the assignment, to pay the demand
of Roberts, but that, although often requested, they had
refused to pay it. The only question in this case is whether
an execution can properly be issued against the person upon a
judgment based upon such a cause of action. No order of
arrest had been obtained before judgment.

Section 179 of the Code authorizes the arrest of the defend-
ant in various cases, and, among others, in an action for

money received by any person in a fiduciary capacity. Sections 180 and 181 authorize the issue of a preliminay order of arrest in such cases, to be made by a judge on an affidavit of the facts; and section 288 provides that after judgment, if the action be one in which the defendant might have been arrested under sections 179 and 181, an execution against the person of the judgment debtor may be issued, but only in case an order of arrest has been previously served, or unless the complaint contains a statement of facts showing one or more of the causes of arrest required by section 179.

The facts stated in the complaint in question did, in our judgment, show one of the causes of arrest specified in section 179. They showed that the defendants therein, as assignees of the property of Mills, upon a trust created by him for the benefit of James Roberts and others, had received a sum of money of which James Roberts was, by the terms of the assignment, entitled to a share, and that, although requested, they had refused or neglected to pay to him any part thereof. That the money so received by those assignees was received not as their own, but in a fiduciary capacity, is too clear for discussion, and is conceded in the opinion of the Supreme Court at General Term. But that court held, and in this we think it erred, that the action against the assignees was not for the moneys so received.

The receipt of the money by the assignees, upon trust to pay over to Roberts his just proportion, was, under the allegations of the complaint, the only ground upon which judgment could be rendered against them. The judgment established that they had the money and refused to pay it over. The denials in the answer rendered it necessary to take an account, for the purpose of ascertaining the amount to which Roberts was entitled, but this does not change the character of the action, or afford any excuse for the non-payment of the amount due when ascertained. The foundation of the action was that the assignees had received money upon a trust created by a third person for the benefit of Roberts and others, and the suit was to compel the application

of those moneys according to the trust.   The accounting was incidental and merely matter of proof.   Without proving the trust and the receipt of the money by the assignees, the plaintiff in that action could not have recovered.   *Wood* v. *Henry* (40 N. Y., 124), the strongest case cited in favor of the respondent, went upon the ground that a recovery might have been had under the allegations of the complaint, without showing any fiduciary relation between the parties.   In the action now in question it is very clearly otherwise.   There was no dealing directly between the parties, and the claim of Roberts depended wholly on the trust created by Mills for his benefit.

Our conclusion is that the defendants had the right to issue the execution, and that the recovery against them cannot be sustained.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur except FOLGER, J., not voting.

Judgment reversed.