Grover, J.
The question arising upon the exceptions in this case is whether an action will lie against the representatives of a deceased partner for the recovery of a partnership debt, after the recovery of a judgment therefor against the survivor, and the return of an execution thereon unsatisfied, notwithstanding it may be shown that the survivor had property out of which the execution might have been satisfied, which was not discovered by the sheriff. The position of the counsel for the appellant, that this is not a suit by a judgment creditor to obtain payment of his judgment out of the property of his debtor, which cannot be seized upon execution, is correct. In this class of cases the counsel concedes that, in *127 the absence of collusion by the plaintiff, the return upon the execution issued to the proper county is conclusive evidence, and he might have added, the only competent evidence, that the legal remedy has been exhausted; at common law, when one joint debtor died, the remedy at law could only be had against the survivor. The estate of the deceased was only liable in equity for the payment of the debt. (The Trustees of the Leake and Watts Orphan House v. Lawrence, 11 Paige, 80; same case in error, 2 Denio, 577, and cases cited.) The same rule applied to the case of a deceased partner. (Cases supra.) This was formerly the rule in England. The rule there as to a deceased partner has been somewhat changed, upon the theory that partners were severally as well as jointly liable for the payment of the partnership debts. This change has not been adopted in this State. (See cases supra, and Grant v. Shurter, 1 Wend., 148.) To enable a partnership creditor to maintain an action against the representatives of a deceased partner, he must show an inability to collect his debt from the survivor. ( Voorhis v. Childs, 17 N. Y., 354; Richter v. Poppenhausen, 42 N. Y., 373.) But when such inability is shown, the action may be maintained. The counsel for the appellant insists that the only mode of showing such inability is to aver and prove the actual insolvency of the survivor. His argument is that, inasmuch as the legal title to all the partnership assets vests in the survivor, and that these are the primary fund for the payment of the partnership debts, equity will not enforce payment of such debts from the estate of the deceased until actual insolvency of the survivor is established. But we have already seen that payment of a joint debt, when no partnership between the debtors ever existed, can be enforced out of the estate of one of the deceased debtors under the same circumstances only as in the case of partners, that is, by showing an inability to collect the debt from the survivor. This is so, irrespective of the question whether there was at the time of the death of the joint debtor any joint property owned by the debtors which vested in the survivor. A surviving partner is *128 equally liable at law for the payment of the entire copartnership debts, although there were no assets of the firm at the time of the decease of his partner, as though such assets were ample for that purpose. This shows that the reason assigned by the counsel for the rule is not the true one. That reason was given, by some of the judges in the cases above referred to, for not adopting the later English doctrine, holding' partners severally, as well as jointly, liable for the debts of the firm, and, upon this ground, sustaining actions against the representatives of the deceased partner for the recovery.of the debts of the firm, wholly irrespective of the ability of the survivor to pay them. The legal remedy upon all joint obligations, in case of the death of one or more, could, by the common law, be had only against the survivors. The estate of the deceased was, at law, discharged, but equity held such estates liable. The creditor’s case, then, was this: He had a legal remedy against the survivor for the collection of his debt, and a lien in equity upon the estate of the deceased. But courts of equity, as a general rule, would not entertain an action in case there was an adequate legal remedy, by which full redress could be obtained. Hence, it followed that, to enable a creditor to collect his debt in equity from the estate of a deceased joint debtor, he must show that he could not collect it by proceedings at law against the survivor. It was held sufficient, for this purpose, to aver and prove the insolvency of the survivor. Hence, this averment will be found in the reported cases. But the want of an adequate legal remedy is equally manifest where that has been resorted to by the creditor in good faith, and exhausted, without obtaining satisfaction. It has there heeq demonstrated that there is no such remedy, and the creditor may then avail himself of the equitable liability of the estate of the deceased debtor. All this has been done by the plaintiffs in this case. '
It is now said, by the counsel for the appellant, that the plaintiffs ought to be precluded from this equitable remedy, for the reason that the survivor had property, from which, *129 had the sheriff -discovered it, the execution might have heen satisfied. But the plaintiffs were not in fault for -the failure of the sheriff to discover this property. 'They had done all that was required of them when they had delivered the execution to the sheriff. It was not their, but the duty of the sheriff, to ascertain whether the debtor had property to satisfy it; and when the sheriff returned that he had not, the legal remedy was exhausted, and the plaintiffs were at liberty to pursue their equitable remedy against the -estate pf ,the deceased. .It follows that, where the plaintiff can prove the insolvency of the survivor, and thus show that he has no legal remedy for the collection of his debt against him, he may proceed to enforce payment from the estate of a deceased partner,, or other joint debtor, without bringing an action against the survivor, or he may exhaust his legal remedy against .the survivor, and then proceed against the estate of the-deceased debtor. The representatives of the estate of the deceased debtor have an adequate remedy against the sheriff, in case of a wrongful.re.turn of the execution.
The judgment appealed from must be affirmed, with posts. .All concur; Andrews, J., not sitting-judgment affirmed.