7 195
2ap338

WILLIAM LIDDELL, RESPONDENT, *v.* WILLIAM PATON AND
OTHERS, APPELLANTS.

*Arrest — motion to vacate order of — may be made where the facts justifying the arrest
constitute the cause of action — Code, §§ 204, 205.*

The right to apply on motion for a discharge from arrest is secured to all persons
who may be arrested under orders in civil actions.

A defendant may, at any time before judgment, secure his liberation from arrest
and imprisonment, upon proof of that right, whether the facts, out of which
the liability to arrest is alleged to arise, form part of the cause of action itself
or not.

APPEAL from an order denying a motion to vacate an order of arrest.

*S. P. Nash*, for the appellants.

*Benj. G. Hitchings* and *H. F. Pultzs*, for the respondent.

DANIELS, J. :

The cause of action set forth in the complaint is alleged to have arisen out of the sale of goods consigned by the plaintiff to the defendants for sale on his account, and by them sold, and the proceeds received, and, instead of being remitted according to their agreement, withheld by them from the plaintiff. These facts are relied upon as sufficient, to establish the existence of a cause of action which would justify the defendant's arrest upon execution, even if no order of arrest had been obtained during the pendency of the action. And, for that reason, it has been urged that they could only contest their liability to arrest at the trial, by making a successful defense there. Authorities have been cited, and undoubtedly exist, apparently maintaining that view, but no solid foundation can be found for their support. Under the rule insisted upon, a defendant may, at any time before the recovery of judgment, secure his liberation from arrest and imprisonment upon proper proof of that right, when the facts out of which the liability to arrest form no part of the cause of action itself. In that class of cases, this end can be secured by affidavits satisfactorily showing that no liability to arrest in fact exists. But, when the facts constituting the cause of action and the liability to arrest are the same, then it is claimed that a different rule should be applied under which the defendant must remain arrested, or in prison, until a trial of the action can be had, and his right to be set at liberty can be vindicated by a verdict and judgment in his favor. Such a rule could not fail to operate in its discrimination most harshly and unjustly. · For, upon the same force of evidence, persons would be entitled to be discharged in one class of cases, when they would be obliged to remain under arrest or in custody in the other class. This is an important disability, because it subjects persons to groundless restraints by way of imprisonment, and it ought to be

well sustained by the authority of the law before its existence should be conceded. The distinction is a most substantial one, for persons may be unjustly imprisoned under it for months and even years before the action prosecuted against them may be brought to trial.

The right of the defendant to move for his discharge from arrest has been subjected to no such qualification or distinction by the sections of the Code providing for it. That right, on the other hand, has been secured to all persons who may be arrested under orders and in the same terms. No advantage has been provided for one class of cases, which it was in any way shown was intended to be denied to the other. Both were included in precisely the same terms, used in the same way, and they were qualified by nothing justifying a construction rendering them more effectual in one class of cases than they would be in the other. The rule contended for depends for its existence upon the absurdity that the same language should be construed to mean a different thing in one case from that which it does in another, when the legislature has said nothing requiring that result. It permits a person to be at the same time imprisoned and set at liberty on the same weight of evidence, and that, too, in the latter case, for the promotion of the purposes of oppression and injustice.

The Code of Procedure, by which the present practice was created, has done nothing to countenance this unreasonable distinction. It has, on the contrary, enacted in terms including all arrests upon orders, that "a defendant arrested may, at any time before judgment, apply on·motion, to vacate the order of arrest, or to reduce the amount of bail." "If the motion be made upon affidavits on the part of the defendant, but not otherwise, the plaintiff may oppose the same by affidavits or other proofs, in addition to those on which the order of arrest was made." (Code, §§ 204, 205.) These sections secure the same right to the defendant, in all cases of arrest under the preceding one hundred and seventy-ninth section. They are to be construed according to the rules applied to other statutes, which render the signification of the terms made use of in their enactment, the same as to all the cases which they include; and it could not have been the intention of the legislature, that they should be understood differently, according to the circumstances consti-

tuting the cause of arrest. In *Elwood* v. *Gardner* (45 N. Y., 349), the right to move to vacate the order of arrest was considered to be a common one, existing alike in all cases. In deciding the case, it was held by the chief judge that "when the action is one which gives the plaintiff a right to an order of arrest, and the facts constituting it are identical with the facts constituting the cause of arrest, the defendant can contest the right to arrest upon a preliminary motion to set aside the order, and also contest the alleged cause of action of course upon the trial." (Id., 352.) And it is essential to such a contest that the affidavits produced in its support shall be carefully examined, and the application disposed of according to the just preponderance of proof. In no other way can persons arrested be fully protected against oppressive and unwarranted imprisonment. But the present case requires an examination of the affidavits produced, upon the further ground that an order for the defendants' arrest was necessary to justify their arrest on the execution, in case of the recovery of a judgment by the plaintiff. (*Wood* v. *Henry*, 40 N. Y., 124.) In that case the cause of action set forth in the complaint, was substantially the same as it is in this case; and it was held that an execution against the body was unauthorized, because no arrest had been made by order before the judgment was recovered, and its recovery did not necessarily establish the fact that the money had been received in a fiduciary character. In that respect it differed from *Roberts* v. *Prosser* (53 N. Y., 260), where the existence of that fact was essential to the recovery of the judgment.

The facts relied upon in its support were clearly sufficient to justify the order which was made for the defendant's arrest, if they had remained uncontroverted by him. The proof of their existence depended, in the first instance, upon the affidavits of the plaintiff's attorney, and afterwards of the plaintiff himself. By these it appeared, that the defendants had received and misappropriated the proceeds of the plaintiff's property. But two of the defendants positively denied the facts alleged concerning their obligation to pay over the identical money received by them, and their statements upon this subject were sustained by the form of the accounts shown to have been rendered to the plaintiff, during the progress of the business. From them it appeared that the

moneys received were made a matter of credit to the plaintiff, upon which interest was allowed for the balance in the defendant's hands. These circumstances are not conclusive, but, at the same time, they tend to confirm the defendants' relation of the obligation they entered into. A further indication of the accuracy of that view is found in the fact, that acceptances were taken by the plaintiff for the balance due to him at the time of the defendants' pecuniary embarrassment. This fact alone, of course, would not prevent the plaintiff from resuming his original demand when the defendants failed to pay the bills; but it is a circumstance showing that the parties treated the indebtedness only as an ordinary liability on contract. In the conflict of proof arising on the affidavits, that made by the plaintiff's attorney as to the terms on which the defendants received and sold the property, is entitled to much less weight than those made by the parties themselves. For he does not appear to have had any personal knowledge concerning them. He has not stated that he was present when the defendants made the agreement to receive and sell the plaintiff's property, and it is not in any degree probable that such was the fact; and if he was not, then it is difficult to see how he could have known any thing of the terms of the contract entered into between the parties. That would leave the case practically dependent upon the affidavit made by the plaintiff, those of two of the defendants, and the circumstances relied upon for the purpose of corroborating them. This gave the defendants the preponderance of proof, and it entitled them to have the order of arrest set aside. The order appealed from should, therefore, be reversed, with ten dollars costs beside the disbursements, and an order entered vacating the order of arrest.

DAVIS, P. J., concurred in result.

BRADY, J., concurred in result, and agreed with Justice DANIELS in his views on the subject of reversing orders of arrest in all cases.

Order reversed, with ten dollars costs, and order entered vacating order of arrest.