# N. Y. COMMON₃PLEAS.

In the matter of the accounting. of WILLIAM L. SCOTT, assignee of KENYON, COX & CO., and of DAVID DOWS, special trustee, &c.

*Assignee — Accounting — Reference to take and state assignee's accounts — What compensation to be allowed assignee, trustee and counsel.*

The courts, in the distribution of estates intrusted by law to their administration are, to a great extent, acting for absent creditors or unrepresented parties, who repose, with confidence, upon the judicial care and watchfulness of the courts of their interests. No right exists in such tribunal to sequester the money equitably belonging to others in lavish and injudicious allowances to trustees, or their attorneys or agents, engaged in such administration, or to counsel who appear in the proceeding for distribution, but they are bound to regard every dollar thus appropriated as involuntarily exacted and levied from its lawful owner for the necessary expenses of administration.

Motion to confirm the report of a referee appointed to examine into the accounts of an assignee, which proceeding for such an accounting originated upon the petition of a creditor of the assignor to the extent of some $134. Upon the return of that application, the assignee obtained an order for a final accounting, and upon the return day the order of reference was made. The referee proceeded to take and state the accounts as required by the order of reference, and as authorized by the amendment to section 4 of the act of 1860 (*chap.* 348), as made by chapter 56 of Laws of 1875. Among other items awarded by the referee, and submitted to the court for its approval, are the following, viz. : *First.* That the counsel for the petitioning creditor, to whom less than $150 was due, should be paid $400 for his services. *Second.* That the special trustee, whose accounting was in a measure involved, and whose legal commissions, at the rate allowed by law to executors and administrators, amount to $3,820.50, should be paid, as a compensation for his services, $6,000. *Third.* To the assignee, instead of $11,392.91, his legal commission at the like rate, "should, in consideration of the laborious nature of his duties, and the great skill and fidelity displayed

by him," be paid the sum of $40,000; and, *Fourth*, that the attorneys for the assignee, for services rendered by them *in the matter of the accounting*, "and preparation of reports of proceeding, petitions, for general citation, issue and service of same, and attendance in court and before referee," should (in addition to $1,000 theretofore paid them by the assignee, and allowed for counsel fee in the matter of the assignment) be paid the further sum of $10,000.

*Held, first,* that as to the items in the claim for the petitioning creditor (whose debt is less than $150) to an allowance of *four hundred dollars*, there is no law or principle of justice accepted or acted upon by the courts which justify any such award to him out of these trust funds.

It does not appear that, in regard to the claim of the petitioning creditor, there was any dispute before the referee in respect to it which required a trial before him, and the proceeding he instituted was superseded by the intervention of the assignee under claim of right to a final accounting, and with it the claim of this creditor, so far as appears, was recognized without question or contest.

The proceeding he instituted is styled "special," and no costs or rate of counsel fee is provided by law otherwise than on an allowance of such taxable costs or allowances as are prescribed by the Code (*sec.* 309). They can only be awarded to a successful party, and in such case it is the duty of the court to determine which party shall pay the same, and in the absence of any other provisions of law, the rate fixed by the Code in analogous cases should govern.

*Held, second,* that as to the claim of the special assignee or trustee to the allowance of $6,000, instead of his legal commissions, it must also be denied. There is no provision or principle of law that permits any increase of the allowance to such trustee beyond the statutory compensation made to executors and administrators.

*Held, third,* that as to the claim of the general assignee to $40,000, instead of his legal commissions, the same rule applies, and he should be allowed the same commissions which are by statute allowable to executors and administrators, and his allowances should be restricted to those rates. Although the law exacts the most conscientious discharge of his duty, nothing can be allowed beyond such statutory allowance under claim for excess of zeal, or assumption of more onerous duties than might have been exacted.

*Held, fourth,* that as to the claim of the attorneys and counsel of the assignee to an allowance of $10,000 for the conduct of the proceedings upon the accounting, in addition to the sum of $1,000 allowed and paid them as a fee in the course of the administration of the assigned estate, the case is not so intricate as to warrant its payment.

The simple employment of such officers of the law to aid an assignee having $1,000,000 to administer does not necessarily, or by any just

deduction from the magnitude of the sums, entitle them to any increased compensation for their services beyond what might be allowed to a like employment of a clerk or other assistant, or to any such engagement where the fund was small in amount.

The services rendered·by attorneys and counsel in such cases are to be remunerated according to a fair and reasonable estimate, as in any other ordinary cases of employment; and the amount can have no just dependence for its estimate of value upon the extent or character of the fund to be administered.

The character and quality of professional skill that the necessity of the case requires to be employed, and its general values, are to be considered by the court in passing upon an allowance asked for.

In cases where the aid of counsel are·both proper and necessary, the claim on the part of the trustee to an allowance is not one addressed to the mere discretion or arbitrary will of the court, but must be predicated upon competent,evidence for its action.

In the settlement of the accounts of a trustee, no allowance (beyond probably that for some clerkly duty) can be made for the preparation, proper keeping and presentation of his accounts in a clear and explicit manner, and with all necessary proofs to sustain it. Such duty he, in law, engages as a part of his *personal* trust, and he cannot, in respect to it, exact any expense for employing counsel to instruct him in his own legal duty, unless some complications or unusual or unforeseen difficulties have arisen rendering such employment of counsel necessary and proper.

*At Chambers, September, 1877.*

ROBINSON, *J.* — The present motion is made upon the report of Stephen H. Olin, referee, appointed under an order dated May 25, 1877, whereby the accounts of said William L. Scott, assignee of Kenyon, Cox & Co., and also the account of David Dows as special trustee, and the vouchers, were referred to him to take and state the same.

The proceeding for such accounting originated upon the petition of John F. Tracy, a creditor of the assignors, to the extent of some $134. Upon the return of that application, the assignee obtained an order for a final accounting' and·the issuing of a citation to the creditors, and on proof of due service upon the creditors personally, or by publication on the return day, the order of reference to Mr. Olin was made.

Matter of Scott.

The proceedings of the assignee appear to have been regularly conducted throughout, none of the creditors having intervened in the matter to make any opposition to the proceedings or accounts of the assignee on the accounting.

The referee proceeded to take and state the accounts as required by the order of reference, and as authorized by the amendment to section 4 of the act of 1860 (*chap.* 348), as made by chapter 56 of Laws of 1875. No objection is now made by any creditor to the proceedings of the assignee, or to any item of such statement of their said accounts, as thus settled by the referee. Pending the proceedings before the referee commenced under the act of 1860 and its amendments, the act of June 16, 1867 (*chap.* 466), repealing and superseding it had gone into effect, by section 28 of which any proceeding thereafter had or pending under the previous acts was to be continued under its provisions. Otherwise, as a repeal of the former act, it went into immediate effect. It constituted this court (*sec.* 25), in respect to such assignments, a court of general jurisdiction, affirming and continuing (*sec.* 20, *sub.* 3) the power to appoint a referee to take and state an account of the assignee. Whatever matter that officer has assumed to consider, or to suggest for the consideration of the court beyond taking and stating the account of the assignee, as to receipts and disbursements actually made by him, and his settlements of commissions as established by law (none other having been referred to him), was in excess of any power conferred upon him; and any additional suggestions made by him are entitled to respectful consideration as emanating from one in whom confidence had been placed by the court. Such, however, as are contained in his report, and which the counsel for the petitioning creditor and of the assignee submit for approval in a proposed order or decree, contain some matters that occasion serious ground for question as to the propriety of their recognition. First, that the counsel for the petitioning creditor, to whom less than $150 was due, should be paid $400 for his services in this matter; second, that

Mr. Dows, the special trustee, whose accounting was, in a measure, involved, and whose legal commissions, at the rate allowed by law to executors and administrators, amount to $3,820.50, should be paid, as a compensation for his services, $6,000; third, that the assignee, William L. Scott, instead of $11 392.91, his legal commissions at the like rate, " should, in consideration of the laborious nature of his duties, and the great skill and fidelity displayed by him," be paid the sum of $40,000; and fourth, that Tracy, Olmstead and Tracy, the attorneys and counsel for the assignee, for services rendered by them "*in the matter of the accounting*, including supervision and preparation of reports of proceeding, petitions for general citation, issue and service of same, and attendance in court and before referee, should" (in addition to $1,000, theretofore paid them by the assignee, and allowed for counsel fee in the matter of the assignment) "be paid the further sum of $10,000." These claims are in each instance startling, from the large amounts proposed and claimed as compensation for the services rendered, and suggest the acquisition of fortunes of *thousands* of dollars in the happy accident of an employment in the course of the execution of such an assignment. They strike me as excessively exorbitant, and the recommendation of the referee fails to meet my approval or confirmation. The courts, in the distribution of estates intrusted by law to their administration, are, to a great extent, acting for absent creditors or unrepresented parties, who repose with confidence upon the judicial care and watchfulness of the courts, of their interests. No right exists in such tribunals to sequester the money equitably belonging to others, in lavish and injudicious allowances to trustees, or their attorneys or agents, engaged in such administration, or to counsel, who appear in the proceeding for distribution, but they are bound to regard every dollar thus appropriated as involuntarily exacted and levied from its lawful owner, for the necessary expenses of administration. As to that item in the claim, presented by counsel for the petitioning creditor (whose debt is less than $150) to an allow-

ance of *four hundred dollars*, there is no law or principle of justice, accepted or acted upon by the courts, which justify any such award to him out of these trust funds. The courts are not the almoner of such assigned estates (*Devin* agt. *Perrine*, 26 *N. Y.*, 441–449), and while the act of 1877 (*chapter* 466, *section* 26), authorizes the court to "award reasonable counsel fees and costs, and to determine which party shall pay the same," it does not countenance any idea that the court may distribute otherwise, out of its own motion, any part of the fund of the estate, under the name of *counsel fees*, to such counsel as have appeared and taken part in its administration (*Noyes* agt. *Children's Aid Soc.*, 53 *How.*, 10), or to dispense therefrom its favors, according to their appreciation or estimate of the merits or value of counsel of their services, or to act otherwise than upon satisfactory evidence to sustain any allowance it may make. It does not appear that in regard to the claim of the petitioning creditor there was any dispute before the referee in respect to it, which required a trial before him, and the proceeding he instituted was superseded by the intervention of the assignee, under claim of right to a final accounting, and with it the claim of this creditor, so far as appears, was recognized without question or contest. Nothing in the act contemplates the allowance of any costs or counsel fees in the case of a claim thus presented and recognized, "*sub silento,*" or the payment out of the trust fund, or by the assignee personally, of counsel fees, or costs where there was no contest or dispute, or for the preparation or service of a petition that the assignee be called to an account.

Had the assignee been derelict in his duty, or unconscientiously disputed the debt, some equitable ground would have existed upon which a claim might be made for awarding to the successful litigant counsel fees and costs, either personally against the assignee or out of the trust funds. The proceeding he instituted is styled "special," and no costs or rate of counsel fee is provided by law otherwise than on an allowance of such taxable costs or allowances as are prescribed by

the Code (*Sec.* 309; *Laws of* 1854, *chap.* 270; *Noyes* agt. *Children's Aid Soc.*, 53 *How.*, 10). They can only be awarded to a successful party, and in such a case it is the duty of the court to determine which party shall pay the same (*act* 1877, *sec.* 26), and in the absence of any other provisions of law, the rate fixed by the Code in analogous cases would govern.

The court cannot otherwise speculate as to what allowances should be made for counsel fees on any vague principles arising out of any supposed "*quantum meruit;*" and no costs or counsel fees are prescribed by the Code for mere service of a petition and order to show cause. This claim, made on behalf of the petitioning creditor, must be denied.

As to the claims made on behalf of Mr. Dows, the special assignee, of $6,000 instead of $3,820.50, his legal commissions, and of Mr. Scott, the general assignee, to $40,000 instead of $11,392.91, they must also be denied.

There is no provision or principle of law that permits any increase of their allowances beyond the statutory compensation made to executors and administrators. The law so far condemns such extra allowances to assignees for the benefit of creditors that an authority in the assignment to return them would render it void as to dissenting creditors. The acceptance of the execution of a trust, in cases where no fee or compensation is allowed by law, is "gratuitous." "A trustee may not profit by his trust" (*Robinson* agt. *Pell*, 3 *Pr. Wm.*, 132). *Prima facie*, and under the most favorable decisions of our courts, he becomes entitled only to such compensation as is allowed to executors and administrators (*Meacham* agt. *Stearns*, 9 *Paige*, 398; *Duffy* agt. *Duncan*, 35 *N. Y.*, 187; *Ogden* agt. *Murray*, 39 *id.*, 202); he is not entitled to compensation for personal trouble or loss of time (*Brockshop* agt. *Barns*, 5 *Mad.*, 90), and, "in general, his position is honorary and a burden upon his honor and conscience, and not one assumed upon mercenary views (*Ayliffe* agt. *Murray*, 2 *Atk.*, 58; *Green* agt. *Winter*, 1 *John. Ch.*, 37). Although

---

Matter of Scott.

---

the law exacts the most conscientious discharge of his duty, nothing can be allowed beyond such statutory allowance under claim for excess of zeal, or assumption of more onerous duties than might have been exacted. In confirmation of the settled principle as announced in the cases in our own courts, above cited, the court of appeals, in *The Matter of Edward Schell* (53 *N. Y.*, 262), say: "It is the settled rule of the court, in cases where the creator of the trust has made no provision for compensation to the trustee, the courts have, by analogy, allowed the same commissions which are by statute allowable to executors and administrators, and have restricted the allowances to those rates." These authorities are decisive upon the claims of the assignee to extra compensation. There are further and other considerations in respect to the claim of their attorneys and counsel to an allowance of $10,000 for the conduct of these proceedings upon the accounting, in addition to the sum of $1,000 allowed and paid them as a fee in the course of the administration of the assigned estate.

The simple employment of such officers of the law, to aid an assignee having a million dollars to administer, does not necessarily, or by any just deduction from the magnitude of the sum, entitle them to any increased compensation for their services, beyond what might be allowed to a like employment of a clerk or other assistant, or to any such engagement where the fund was small in amount. The service rendered is to be remunerated according to a fair and reasonable estimate, as in any other ordinary cases of employment, and the amount can have no just dependence for its estimate of value upon the extent or character of the fund to be administered.

The employment in matters involving large sums, confer no right to any "*honorarium*" or gratuity, but is to be compensated for, upon legal evidence of such proper compensation as is due to the particular service.

The character and quality of professional skill that the necessity of the case requires to be employed and its general values, are to be considered.

The assertion, by the highly respectable counsel in the present case, of a claim to such a fee as $10,000 for conducting the reference, I must, however, upon the evidence offered to support it, regard as not warranting its allowance or payment. The only evidence offered to support it is the deposition of Rufus F. Andrews, Esq., a counselor at law, who testifies in substance that "he has knowledge of the amounts customarily allowed to the attorney and counsel for the assignee in such matters; that he has informed himself, by examination of the papers and records in this case, including the accounts of Mr. Dows, the special assignee, of the amount of work and labor required in the preparation thereof, and of personal attention of counsel requisite thereto." And in view of the amount of the assigned estate, he testifies the account of Tracy, Olmsted & Tracy, claiming said sum for their services, in his judgment, is within the rate ordinarily allowed in like cases, and in fact less than has been allowed frequently "to his knowledge." In what courts, or by what judicial officers with whose action Mr. Andrews asserts familiar knowledge, such very large sums have been allowed counsel, he fails to disclose. Precedents, of the character to which he alludes, are unknown to this court and cannot, if otherwise shown, be accepted as examples to be followed by it.

The proceeding for the settlement of an account of an assignee partakes of nothing of a recondite or intricate character. It is one that in the ordinary course of proceeding is more mechanical than professional, and does not exact any higher degree of professional skill than may be expected in a respectable clerk or a mere tyro in the profession, unless some questions of intricacy and legal difficulty arise. In every case it undoubtedly needs the supervision of one acquainted, to some degree, with ordinary legal principles, and when objections are interposed or controversies arise, the aid of counsel may be both proper and necessary.

In such cases the claim, on the part of the trustee to an allowance, is not one addressed to the mere discretion or arbi-

trary *sic vols* of the court, but must be predicated upon competent evidence for its action. While his own acts as trustee, and the counsel he may employ, are to be subject to the control of the court, the allowance made him must be one for an expense necessarily incurred in the execution of the trust, and allowable, by way of indemnity, to him therefor. But in the settlement of the accounts of a trustee no allowance (beyond probably that for some clerkly duty) can be made for the preparation, proper keeping, and presentation of his accounts in a clear and explicit manner, and with all necessary proofs and vouchers to sustain it. Such duty he, in law, engages as a part of his *personal* trust, and he cannot, in respect to it, exact any expense for employing counsel to instruct him in his own legal duty, unless some complication or unusual or unforeseen difficulties have arisen rendering such employment of counsel necessary and proper.

The necessity for the incurring of any expense by a trustee is ordinarily dependent upon the question whether it was one for which a prudent man would have occasion to become liable in the management of his own affairs. Except the documentary evidence afforded by accounts that have been prepared and settled, the papers and petitions used in the course of this proceeding furnish no satisfactory evidence tending to establish what would be a reasonable charge to be made by the attorneys and counsel of the assignee for their services upon the accounting, and the deposition of Mr. Andrews is entirely unsatisfactory as evidence to establish that any such sum as $10,000 was just or fair as compensation therefor, or to enable the court to fix it in any other sum. The largeness of the amount received and disbursed or held for disbursement by the trustee furnishes the court with no such data, nor any basis for any allowance of any greater sum than such as might be awarded upon the most ordinary accounting. The care and management necessary to the complete administration and distribution of a large fund is legally compensated in the increased commissions to the trustee, but in the employ-

ment of necessary aid and assistants, and the incurring of expenses therefor, it only affords occasion for more frequent employment of the labor and services necessary to, and in aid of, the execution of the trust.

The value of the advice of counsel as to the proper mode of protesting a foreign bill of $10,000 is not greater than as to one of $1,000, nor are the services of one of pre-eminent public reputation greater than those of the humblest member of the profession, who is possessed of the learning, skill, and ability required by the occasion, and which is necessary and proper for judicious and successful action. For illustration, a blacksmith may chance to successfully cut off a limb, but such use of his skill cannot compare in value with that of a surgeon learned and skilled in the knowledge of every art and artifice which would insure precise and safe action in such operation.

Nor would the most eminent mechanical engineer, if he condescended to repair a watch, be entitled to any greater compensation therefor than any skillful watch repairer.

These allusions to principles, upon which the skill and ability of one employed to perform a service is to be compensated, are referred to simply by reason of the large sums involved in these proceedings; the resdectability and eminence of the attorneys and counsel who have been engaged by the assignee to supervise his accounts, and a lack of what I regard to be the principles upon which the value of their services therein should be estimated in the allowance of the sum of $10,000, reported as one proper to be paid therefor out of the trust fund. The case, in this respect, must be again sent back to a referee, and (as Mr. Olin is absent from the country) I direct a reference to the Hon. Joseph S. Bosworth, requiring, first, a presentation to him of a particular and detailed statement of the services rendered by the attorney and counsel-for the assignee of their services on this accounting for which such compensation is claimed, and any proof they may offer in support thereof; and, also, that the referee cite, or cause to be

Matter of Scott.

cited, before him and examined at least four of such members of the legal profession as he may deem proper to give testimony upon the subject of such compensation, and that he report the proofs so taken, with his opinion thereon, with all convenient speed.

Any allowances to the petitioning creditor and to the special and general assignee, beyond the legal commission of said assignees upon the rates granted executors and administrators, are denied.