# City Court.

Special Term—December, 1887.

## ALEXANDER C. MORGAN, Executor, &c., against M. H. REGENSBERGER.

Where money is deposited by a debtor with a third person with directions to apply it in payment of a. debt, without any communication to, or understanding with the creditor, no trust is created which the creditor can enforce.

Where, however, money is deposited by C. with R. to pay C.'s creditors, and the latter assent to it, and become privy to the arrangement, a valid trust is created for their benefit, which they may enforce against R.

Motion by defendant to vacate order of arrest.

M. H. Regensberger, for motion.

H. R. Squier, opposed.

McAdam, Ch. J.—The $1,500 was deposited by Cohen, and accepted by the defendant for the purpose of paying Cohen's creditors. Thus far, there is no dispute. There are two theories after this point—one presented by the defendant, and the other by the plaintiffs. The defendant's theory is, that Mr. Cohen deposited the money under the mistaken theory that it was sufficient to pay some preferred debts in full, and thirty per cent. in composition to the balance of his creditors ; that he was acting exclusively for Cohen, and subject to his orders, and not under any valid trust to creditors ; and finding there was only $382.17 in his hands to pay $935.57, he declined to continue the payments, and consequently

Morgan *v.* Regensberger.

refused to pay the plaintiffs. If this theory be correct, the plaintiffs have no cause of action.

The plaintiffs, on the other hand, have, according to their theory, a valid cause of action, and a legal ground for the defendant's arrest. They claim that after the $1,500 was deposited by Cohen, and accepted by the defendant, the *pro-rata* share of each creditor was fixed, the creditors assented to it, and became privy to the arrangement. If this be so, a valid trust was thereby created for their benefit, which they have the power to enforce. The fund from thenceforth became the property of the creditors, and Cohen lost all control over it. The defendant became possessed of, and held the fund in a fiduciary capacity, and the failure to pay it over to the creditors entitled to it gave each of them a cause of action for his proportionate share, with the right to the provisional remedy of arrest for money received in a fiduciary capacity (Roberts *v.* Prosser, 53 *N. Y.* 260).

In addition to the consent, the plaintiff's papers show that a release of their claim was delivered to the defendant, and that he promised to pay their demand. The case is, therefore, clearly distinguishable from one in which a fund is placed by a debtor in the hands of a third person with directions to apply it in payment of a debt, without any communication with the creditor, or understanding between them to that effect (Seaman *v.* Whitney, 24 *Wend.* 260 ; Neilson *v.* Blight, 1 *Johns. Cases,* 205); for, in such a case the fund is under the control and direction of the depositor, who may change its disposition at will. Not so under the plaintiff's theory, for the fund was deposited under an understanding with the creditors, and the depositor parted with all control or direction over it (Exchange Bank *v.* Rice, 107 *Mass.* 37 ; 9 *Am. R.* 1). If the plaintiff's theory be correct, the fact that it now appears that the fund remaining in the defendant's hands is insufficient to pay all the creditors the stipulated thirty per cent., does not excuse the defendant from the

performance of his trust. If the defendant had devoted the fund among those who became privy to the trust, they could have been satisfied in full. Besides this, the defendant cannot keep the fund by remaining passive He must execute his trust, or be relieved from it by some lawful method.

While strongly impressed with the case presented by the plaintiffs, it is possible that on the trial, the plaintiffs may fail to establish their allegation to the satisfaction of the jury, or they may find that the defendant's theory of the contention is right, and that he is justified in withholding payment from the plaintiffs.

As the action is one which affects the liberty of the citizen, I will give the defendant the benefit of the doubt, and vacate the order of arrest, without costs, and upon the defendant stipulating not to sue.

When one person enters into a contract with another to pay money to a third person, or to deliver some valuable thing, and such third party is the only one interested in the payment or the delivery, he can release the promisor from performance or compel performance by suit. If, on the other hand, a debt already exists from one person to another, a promise by a third person to pay such debt is for the benefit of the original debtor to whom it was made, and can only be released or enforced by him.

The following are among the cases in which it has been held that a promise to pay the debt of a third person may be enforced directly by the original creditor. (1) When money or property is placed in the hands of the promisor for the particular purpose of paying the debt, and his promise rests upon that fact. (2) When the promisor has bought out the stock of a tradesman, and undertaken to take the place, to take the contracts, and to pay the debts of his vendor. In these cases, as well as the cases of one who receives money or property on the promise to pay or deliver to a third person, said third person, though not a party to the contract, may be fairly said to be a party to the consideration on which it rests. The promisor is virtually turned into a trustee, and said third person may, therefore, sue in his own name. But when the promise is made to and in relief of the original debtor upon a consideration moving from him, no particular fund or means of payment being placed in the

hands of the promisor, out of which the payment is to be made, there is no trust arising in this promisor, and no title passing to the third person which he can assert by suit.

A firm becoming insolvent confessed to A., who was an accommodation indorser for them to the extent of $40,000, a judgment of $25,500, upon which A. issued execution.   In consideration of this judgment A. promised the firm to pay all their existing debts without regard to their number or amount.   B., who was a creditor of the firm, subsequently brought suit in his own name against A. upon this agreement to recover the amount owing to him by the firm.

*Held*, that as no fund was specially provided for the payment of plaintiff's debt, and no property set apart for his benefit, he was not entitled to maintain an action against A. on the alleged contract, either in his own name or in the name of the firm to his use.

*Held*, therefore, that the defendant was entitled to judgment (Supreme court of Pennsylvania, 21 *Weekly Notes*, 125).