FELIPE FUENTES, Appellant, *against* JOSEPH M. MAYORGA
*et al.* (Impleaded) Respondent.

(Decided April 2d, 1877.)

An application to vacate an order of arrest, under § 204 of the Code of Civil Procedure (old), providing that a defendant may so apply at "any time before judgment," may be made after the rendition of a verdict in the action, and before the entry of the judgment thereon.

The plaintiff consigned goods for sale to one H., and he turned them over to a firm of which he was a member, at the same time disclosing the plaintiff's ownership, and the goods were sold by the firm. *Held*, that the transaction established no relation of personal trust or confidence between the plaintiff and the partners of H., and that in an action for a failure to pay over the proceeds of the sale, they were not liable to arrest under § 179, subd. 2, of the Code of Civil Procedure (old), as having received money in a fiduciary capacity.

APPEAL by the plaintiff from an order made by Judge VAN HOESEN, granting the defendants leave to renew a motion to vacate an order of arrest in the action, and also from an order thereafter made by the same judge vacating the order of arrest.

The action was to recover the proceeds of the sale of goods belonging to the plaintiff, and which had been sold for his account by the defendants, who were commission merchants in New York city. The motion to vacate the order of arrest was made after a verdict in the action for the plaintiff, but before the entry of judgment.

The affidavits on which the order of arrest was vacated showed (as Judge VAN HOESEN decided) that the goods had been consigned for sale by the plaintiff to one Huertemendia (who was also impleaded with these defendants in the action), and that he had turned it over to his firm,

composed of himself and the two Mayorgas, at the same time disclosing the name of the owner.

*George Bell*, for appellant.

*E. T. Rice*, for respondents.

JOSEPH F. DALY, J.—These appeals involve two questions: whether the motion to discharge the order of arrest was made within the time limited by section 204 of the Code, that is to say, before judgment; and, whether the defendants were liable to arrest upon the facts.

The motion to discharge the order of arrest, which was granted, was made after verdict and before the entry of judgment in the action. I think it was made in time. Section 204 of the Code provides that a defendant may apply "before judgment" to vacate the order. Without entering largely into a discussion of the meaning of this term, it may be sufficient to observe that a verdict is not a judgment, and that a verdict may be had and yet no judgment entered upon it, and that a judgment is that "final determination" (sec. 245) from which an appeal may be taken, and which is evidenced by the formal entry by the clerk of the court. (*Rae* v. *Harteau*, N. Y. Com. Pleas, G. T. March, 1877—see *ante*, p. 95.)

The defendants were not liable to arrest; they were commission merchants and received these goods to sell on commission; but this was not the case of a trust and confidence reposed in their integrity and fidelity rather than in their credit or ability, by the owner of the goods, and there was consequently no abuse of confidence nor breach of trust on their part. Without this feature of the relation between the factor and the principal there is no right to arrest. (*Stoll* v. *King*, 8 How. 298; *McBurney* v. *Martin*, 6 Robt. 502; *Sultan* v. *De Camp*, 4 Abb. Pr. N. S. 484.) Defendants did not receive the consignment from the plaintiff, but from their partner, Huertemendia, who was the only person in whom the trust or confidence of plaintiff was placed, and

who did not receive the consignment from plaintiff as a member of defendant's firm, but individually.

The verdict in plaintiff's favor was not conclusive against defendants, who might be liable to account for the proceeds of the goods and yet not liable to arrest, as persons acting in a "fiduciary" character.

The order should be affirmed, with $10 costs only, as both appeals were argued together on one set of papers.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Ordered accordingly.