THE STANDARD SUGAR REFINERY, Respondent, *v.* ABRAHAM H. DAYTON, Impleaded, etc., Appellant.

Defendant D., by the representation that defendants, who were sugar brokers, had made sales of sugars upon terms proposed by plaintiff, induced it to ship the sugars to the purchasers and to send to defendants the invoices of bills of lading, they undertaking to collect and pay over the proceeds of sales. Defendants, in fact, had made sales upon different terms. They made out new invoices in defendants' firm-name, received the proceeds, and refused to pay them over. *Held,* that the transaction was, in effect, the same as if plaintiff had intrusted defendants with possession of the sugars, with authority to sell and to collect the price, and they, therefore, occupied the position of factors, not of brokers; and that in an action to recover the proceeds of the sale an order of arrest was proper, either under the provision of the Code, § 179, sub. 2, authorizing an arrest in an action for moneys received in a fiduciary capacity, or that authorizing it when the debt was fraudulently contracted (sub. 4).

Also, that it was no defense that sales were made on different terms from those authorized by plaintiff; that D. could not set up his own fraud to shield him from responsibility as factor, and plaintiff could adopt the sales made and claim the proceeds.

(Argued June 19, 1877; decided September 25, 1877.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department affirming an order of Special Term, denying a motion to vacate an order of arrest.

This action was brought to recover the proceeds of certain sales of sugars alleged to have been received by defendants as plaintiff's factors. It appeared substantially from the papers that defendants were sugar brokers in New York,

doing business under the firm-name of Dayton & Co., the actual management and control of the business being under the personal supervision of defendant Dayton. Defendants' firm had acted as brokers for plaintiff in selling its sugars; sugars were ordinarily sold in two ways — *i. e.*, a certain price in gold on fifteen days' time, and a certain price in currency on thirty days time. Plaintiff's instructions confined defendants' sales on its account to the latter. Defendants reported various sales on these terms, invoices and bills of lading to be sent to their office, payments to be there collected, and the sugars to be shipped by plaintiff directly to the purchasers. The reports were acted upon by plaintiff, the sugars shipped as directed, and the bills of lading and invoices sent to defendants. The sales were, in fact, made by Dayton for gold at fifteen days. Defendants sent the bills of lading with new invoices, in their own names, with actual terms of sale stated. Of this plaintiff had no knowledge. Defendants received the proceeds of the sales, and thereafter failed and did not pay over the same to plaintiff.

*Samuel Hand*, for the appellant. To make a party subject to arrest for money received in a fiduciary capacity, the identical money must be the property of the creditor. (*Morange* v. *Waldron*, 6 Hun, 529; *Stoll* v. *King*, 8 How. Pr., 298; *Republic of Mexico* v. *De Arangoiz*, 5 Duer, 634; *Buchanan Farm Oil Co.* v. *Woodman*, 1 Hun, 639.) Defendants, as brokers, had no authority, and were intrusted with no duty or fiduciary power to collect the price of the sugar from the purchasers. (*Higgins* v. *Moore*, 34 N. Y., 417.) So far as the gold is concerned, the defendants are responsible to the vendees alone. (*Schadler* v. *Chase*, 16 How., 414; *Burhans* v. *Casey*, 4 Sandf., 707.) Defendants had not correctly reported the sales to the purchasers, and plaintiff could only recover such damage as it could show it had sustained by reason thereof. (*Merritt* v. *Johnson*, 12 J. R., 102; 14 id., 484; *Burton* v. *Thompson*, 2 N. Y., W'kly

Dig., 295.) A plaintiff in an action on contract, in which the defendant is arrested for money received in a fiduciary capacity, cannot sustain an order of arrest, on a motion to vacate by showing facts that would maintain an action in tort. (*Buchanan Farm Oil Co.* v. *Woodman*, 1 Hun, 639.)

*M. W. Divine*, for the respondent. Defendants were acting in a fiduciary capacity. (Code, § 179, subd. 2; *Yates* v. *Blodgett*, 8 How. Pr., 278; *Schudder* v. *Shields*, 17 id., 420; *Ostelt* v. *Brough*, 24 id., 274; *Dubois* v. *Thompson*, 1 Daly, 309; *Duguid* v. *Edwards*, 50 Barb., 288; *Johnson* v. *Whitman*, 10 Abb. Pr. [N. S.], 111.) Defendants were guilty of a fraud in contracting the debt for which this action was brought. (Code, § 179, subd. 4; *Taussig* v. *Hart*, 49 N. Y., 301; *Harpending* v. *Shoemaker*, 37 Barb., 270.)

RAPALLO, J. The appellant caused the plaintiffs to ship the lots of sugar in question to the several purchasers to whom he had sold them, and to forward the invoices and bills of lading to him, by representing that he had contracted for the sale of the sugars on the terms authorized by the plaintiff; and he undertook to collect the proceeds of sale from the purchasers, and pay them over to the plaintiffs. This was the substance of the transaction. By inducing the plaintiffs to intrust him with the invoices and bills of lading, he obtained from them the power of making an effectual delivery of the sugars, and collecting the purchase money, and that was the obvious purpose for which they were entrusted to him; for in his reports of sales requesting the bills of lading and invoices to be sent to his office, he stated that payment for the sugar was to be collected there. This was the same in substance as entrusting the appellant with the possession of the sugars, with authority to sell and collect the price, and the appellant occupied the position of factor, and not of broker.

The appellant did receive the invoices and bills of lading,

and deliver them to the purchasers, and did collect from them the proceeds of the sales, and has failed to pay them over. This clearly brings him within the provision of the Code. His defense is, that he made the sales on different terms from those upon which he was authorized to make, and represented that he had made them. Such a defense is inadmissible. He cannot set up his own fraud to shield him from responsibility as factor. The purchasers were not bound by the secret instructions of the plaintiffs to their agent, and the sales and payments were therefore valid. Neither can the arrangements between the appellant and purchasers, which were unknown to the plaintiffs, affect their rights. Although the sales were made on different terms from those authorized by the plaintiffs, this does not affect their rights against the appellant. They may waive the variance, and adopt the sales and claim the proceeds. It is an extraordinary defense on the part of a factor, to set up that he is not liable as such to his principal for proceeds of sales collected, because in making the sales he varied from the terms on which he was authorized to sell, and falsely reported that he had conformed to them.

The order can also be sustained on the ground, that the debt was fraudulently contracted. The appellant obtained possession of the invoices and bills of lading by falsely representing that he had sold the sugars on the terms authorized by his principals. If he had told the truth, they would not have shipped the sugars or sent him the papers which enabled him to collect the money. And this the appellant knew, because they had informed him that they would not contract on those terms.

By this means he collected the proceeds fifteen days before the time, when, according to his reports to the plaintiffs, they would be payable, and in the interim misapplied them by employing them in their own business.

The attempted denial, that the bills of lading were sent by plaintiffs to the appellant, as requested by him, and the attempted denial of such request, are too feeble in the face

of the positive evidence on the part of the plaintiff, to require comment. It is difficult to see how the appellant could have collected the price without those documents.

On both grounds the order should be affirmed with costs.

All concur.

Order affirmed.