RICHARD HARDENBROOK, GEORGE H. HARDEN-BROOK AND EDWARD S. HARDENBROOK, RESPONDENTS, *v.* JOHN W. COLLSON, APPELLANT.

*Factor — a debt due from, for goods sold on commission, is not covered by a discharge in bankruptcy.*

A debt due from a factor for goods sold by him on commission, is a debt created in a fiduciary character within the meaning of the bankrupt act, and is not discharged by a composition made by the debtor in accordance with the provisions of the said act.

APPEAL from a judgment in favor of the plaintiffs, entered upon the verdict of a jury. The plaintiffs were co-partners from 1868 to 1876 at Bath, Steuben county, and delivered to the defendant at divers times articles of hardware, upon the agreement that the defendant should receive and sell them for plaintiffs, and pay over to

the plaintiffs the moneys received upon the sales after deducting ten per cent for commissions to defendant for making such sales.

The defendant failed to pay over sixty-six dollars and eighty-five cents due to the plaintiffs under this agreement. This action was brought to recover the same. The defense was: (1st.) That the defendant did not receive the goods in a fiduciary character, and was thereafter discharged from the debt by a composition in bankruptcy, and a tender of the money in court representing the dividend under such composition; and (2d.) A counter-claim of twenty dollars arising out of the indorsement of a note by the plaintiffs.

*McMaster & Parkhurst*, for the appellant.

*B. L. Smith* and *M. Rumsey Miller*, for the respondents.

HARDIN, J.:

It was decided by this department, in *Whitaker, Treasurer, etc.,* v. *Chapman* (3 Lans., 155), that a debt due from a factor for goods sold by him on commission, is a debt created in a fiduciary character within the meaning of section 33 of the bankrupt act of 1867 (ch. 176), and is not covered by the debtor's discharge in bankruptcy. This case has not been overruled. It has been referred to and approved by subsequent cases. It was quoted by MILLER, J., in *Barber* v. *Sterling* (68 N. Y., 273; see, also, *Roberts* v. *Prosser*, 53 id., 260); *Platt* v. *White* (5 Denio, 271; *Duguid* v. *Edwards*, 50 Barb., 288; *Standard Sugar Refinery* v. *Dayton*, 70 N. Y., 486).

Section 5117 of the Revised Statutes of the United States is, viz.: "No debt created by * * * the bankrupt * * * while acting in any fiduciary character shall be discharged by proceedings in bankruptcy." It has been held that the meaning of the words "fiduciary capacity," having been ascertained and declared by judicial construction of the act of 1841, is affixed to the general term, and the fixed definition is carried into the new statute of 1876. (*Cronan* v. *Cotting,* 104 Mass., 245.) It was held in *Mayor, etc.,* v. *Walker* (11 B. R., 478) that an auctioneer acts in a fiduciary capacity or character, and his discharge does not relieve him from his liability for goods placed in his charge for sale. (*Carlin* v. *Carlin,* 8 Bush, 41; *Halliburton* v. *Carter,* 10 B. R.,

359; S. C., 55 Mo., 435; *Treadwell* v. *Holloway*, 12 B. R., 61; S. C., 46 Cal., 547.)

The appellant's learned counsel cites *Hennequin et al.* v. *Clews* (77 N. Y., 429), and argues that it is an authority upholding a contrary doctrine. We do not so understand that case. The defendant had received certain securities, as "pledgee, with no other rights in respect to them than such as that relation entitled him to," and had wrongfully hypothecated or sold them. The court held that his discharge in bankruptcy operated upon the plaintiff's claim, and that the defendant was not, after such a discharge, liable to an order of arrest.

Nor does the case of *Neal* v. *Clark* (95 U. S., 704) aid the appellant. That case simply holds that an executor who, without any positive action, affirmative fraud, had committed a *devastavit*, was discharged by proceedings in bankruptcy.

Nor can the composition proceedings have any greater effect than would a discharge. If one would not cut off the debt, the other does not do it. (*Libbey* v. *Strasburger*, 14 Hun, 120; *Argall* v. *Jacobs*, 21 id., 115.)

The second defense, predicated upon a separate, independent contract, was improperly stricken out. (*Pattison* v. *Richards*, 22 Barb., 145; *Chambers* v. *Lewis*, 11 Abb., 210; *Allen* v. *Patterson*, 3 Seld., 476; *Conaughty* v. *Nichols*, 42 N. Y., 83; *Glen & Hall Manufg. Co.* v. *Hall*, 61 id., 226.)

There was evidence upon which the jury were warranted in finding there was no authority to sell upon credit, and there was no proof of a custom to sell on credit shown to have been known to the plaintiff. (*Duguid* v. *Edwards*, 50 Barb., 288.)

We see no other error in the course of the trial calling for a reversal of the judgment.

Judgment reversed and a new trial ordered, with costs to abide the event, unless the plaintiff stipulate to reduce the verdict and judgment, deducting therefrom twenty dollars with interest thereon from the 30th day of November, 1873, in which case the judgment is affirmed, with costs.

TALCOTT, P. J., and SMITH, J., concurred.

Ordered accordingly.