Pitshke, J.
No order of arrest was obtained herein. This action,'on the complaint filed, being for moneys received in a fiduciary capacity, accountable for 1 • monthly ” (less commissions) and not paid over, though demanded, is a case “ex contractu,” and" the allegations of “ conversion ” are mere surplusage as regards the “ cause of action ” (Segelken v. Meyer, 94 N. Y. 473, 484). An order of arrest is necessary to allow and support an execution against the person, except only in those cases of “fiduciary debtors,” where the “ identical money,” so received, is the “ property ” of the creditor (Morange v. Waldron, 6 Hun, 529, 530, and authorities cited including Roberts v. Prosser, 53 N. Y. 260 ; Robbins *76 v. Falconer, 43 Super. Ct. (J. & S.) 363, 372). Section 549, Code Civ. Pro., as amended by c. 672, Laws of 1886, contains no head-line “ when the right to arrest depends on the nature of the action.” The Code amendments of 1886 simply placed all orders of arrest obtainable ex parte of a judge into section 549 together, as distinguished from those obtainable only from the court, i. e., on notice, to wit, ne exeat cases (§§ 550, 551). That is now the principle of classification as between section 549 and 550. The cause of action being on contract, alleging the extrinsic facts (as now requisite per section 549), does not change the nature of the cause of action, and by section 1487, which allows body executions to issue, of course, only where plaintiffs right to defendant’s arrest depends on the nature of the action, while section 288 of the old Code quite differently gave body executions, of course, whenever the complaint showed a “ cause of arrest required by section 179 of old Code” (Elwood v. Gardner, 10 Abb. Pr. N. S. 238, 258). Xo body execution can now issue where the right to an order of arrest depends on facts extrinsic the cause of action, unless an order to arrest defendant has actually been obtained and executed before judgment. By section 549, subd. 2, the plaintiff in this case could not recover without proof beyond the complaint allegations. A defaulting defendant confesses only the cause of action. The judgment herein was on default to answer, and was entered by the clerkwithout application to the court. The clerk’s authority to adjudicate is only as to the cause of action on a default. The grounds for defendant’s arrest were never investigated or examined by any official, and defendant never had any hearing hereon. Moreover, he cannot move, after judgment, to vacate his arrest on which he is in jail, unheard and for mere non-payment of a debt, except -by moving against the body execution, which is, for above reasons, hereby set aside as unauthorized^ Xo costs.
From the order entered upon this decision, vacating the execution, the plaintiff appealed to the general term.
*77 E. P. Wilder, for the appellant.—I. The action is one sounding in tort, and not on contract; being for the conversion of “ moneys received by an agent in a fiduciary capacity” (Code Civ. Pro. § 549, subd. 2).
II. The action being one for conversion, it is by its very nature one that allows an execution against the person (Code Civ. Pro. § 549, subd. 2, and § 1487; McDonough v.Dillingham, 43 Hun, 493).
III. The authorities cited by the defendant and the court below are inapplicable to the case at bar (Segelken v. Meyer, 94 N. Y. 473, 485 ; Morange v. Waldron, 6 Hun, 529; Robbins v. Falconer, 43 Super. Ct. [J. & S.] 363).
IV. The cause of arrest being now a cause of action which must be alleged and proved as a condition of recovery, the plaintiff is logically entitled to enforce his judgment by a body execution, as much as if the action were for libel or assault (Wallace v. Metcalf, reported on p. 73, n., of this vol.).
V. Nor does the fact (if it be a fact) that the plaintiff entered judgment without application to the court, affect the plaintiff’s right to an execution against the person. It is at most a mere irregularity, amendable on motion, and not in any way affecting plaintiff’s rights. Moreover, the defendant is in no position to take advantage of this omission, for he stands before the court in default, admitting the truth of the charges set out in the complaint (Bullard v. Sherwood, 85 N. Y. 253, 256 ; Argall v. Pitts, 78 Id. 239, 243).
William G. McCrea, for the respondent.
An agent or person acting in a fiduciary capacity is not subject to. an action for tort for mere acts of omission, as for not paying over money due, but only for acts of misfeasance, and in an action against him for not accounting and not paying over a balance found due on an account, the plaintiff does not, by adding to the allegation of refusal to pay, an assertion that defendant has converted the money to his own use, convert the action into one of tort; the addition is mere surplusage *78 (Segelken v. Meyer, 94 N. Y. 473 ; Robbins v. Falconer, 43 Super. Ct. [J. & S.] 363 ; Greentree v. Rosenstock, 61 N. Y. 583 ; Rosenberg v. Block, 49 Super. Ct. [J. & S]. 488). The action herein is one on contract and not for tort. There is nothing in the complaint which shows that the plaintiff was entitled to the identical money collected, he -was merely entitled to the balance after an accounting had, and the addition of averments of conversion did not convert it into tort. Section 1487 of the Code specifies the cases in which executions against the person can be issued. Section 549 specifies the cases in which the right to arrest depends exclusively upon the nature of the action. Section 550 specifies the cases in which the right depends partly on the nature of the action and partly on matters extrinsic to it, and in actions embraced within this section, in order to sustain an execution against the person, an order of arrest must first have been obtained. The execution herein against the person can only be maintained on the theory that the cause of action is one of those embraced within paragraph 4 of section 549, and that section requires that not only shall the complaint contain the allegations of the fraud complained of, but to recover, the plaintiff shall also prove the fraud. ¡No such judicial examination was had in this case as to the alleged fraud. The judgment was entered without application to the court and by the clerk. Section 420 provides in what cases judgment can be taken without application to court, which are in cases arising on a head of contract in which the amount due can be ascertained by computation only. The clerk has no power to determine as to questions of fraud. The judgment entered in this case by the plaintiff was for breach of contract, and by so doing he waived ..the tort.
By the Court.*
—The action is for money converted by the defendant as agent in a fiduciary capacity. It was formerly regarded as an action on contract, and the right *79 of arrest extrinsic (Segelken v. Meyer, 94 N. Y. 484; Donovan v. Cornell, 8 Civ. Pro. R. [Browne] 283). The allegation of conversion was treated as surplusage and not issuable (Ib.), and po execution against the person could issue unless an order of arrest had been obtained prior to judgment (Wood v. Henry, 40 N. Y. 124).
Since the amendment, made in 1886, to section 549 of the Code, this rule has been changed. The right to arrest in such a case is no longer extrinsic to the cause of action, but is made an essential part of it. The action is (by this section) treated as one ex delicto, for the last portion of section 549 provides that a judgment for the ■defendant will not bar a new action (ex contractu) to recover the money. The judgment in such an action (ex delicto) authorizes an execution against the person without the pre-requisite of an order to arrest (Code, § 1487). The court below, in holding otherwise, clearly erred in its construction of section 549, supra.
The fact that the plaintiff entered judgment with the ■clerk, without application to the court, may have rendered the judgment voidable for irregularity, but not void. It ■can only be attacked by a direct - motion foúnded on the irregularity complained of. It is good until set aside, and while in force is sufficient to authorize an execution against the person.
It follows that the order appealed from must be reversed with costs.

 McAdam, Ch. J., Nehrbas and Browne, JJ.