ROBERT HILLIS, Appellant, v. WILLIAM BLECKERT, Respondent.

*Arrest — the complaint must allege the receipt of money in a fiduciary capacity — section 549 of the Code of Civil Procedure.*

Upon an appeal from an order vacating an order of arrest granted in an action, the ground of arrest was stated in the order to be " for money received in a fiduciary capacity and converted to his own use and fraudulently employed."

The facts and circumstances constituting the demands of the plaintiff, which were set out in an affidavit, showed that the defendant was employed as the plaintiff's agent to sell certain goods on commission; that sales had been made under such employment; the receipt of the purchase-price, and a demand made therefor, coupled with an allegation that the money was converted by the defendant to his own use.

*Held,* that as there was no allegation in the complaint that the money mentioned was received by the defendant in a fiduciary capacity, it was deficient in an essential element, as it was required by section 549 of the Code of Civil Procedure that such an allegation should be made in the complaint.

That, as prior to the amendment of that section by chapter 672 of the Laws of 1886, that allegation was not required, the decisions prior to that amendment were of no value as regarded the present decision of this question.

Appeal from an order made at a Special Term held in the county of New York, which was entered in the office of the clerk of the county of New York on March 11, 1889, in the above entitled action vacating an order of arrest granted therein.

*A. W. Gleason,* for the appellant.

*Drachman & Nelson,* for the respondent.

Brady, J.:

The ground of arrest is stated in the order to be "for money received in a fiduciary capacity and converted to his own use and fraudulently misapplied." In the undertaking, given upon the application for the order, the charge is for money had and received in a fiduciary capacity. The facts and circumstances constituting the demand of the plaintiff are set out in the affidavit also presented when the attachment was applied for, but there is no such charge directly made. It appears from that paper that the defendant was employed as plaintiff's agent to sell certain goods on commission sales thereunder, the receipt of the purchase-price, and a demand of the money coupled with an allegation made that the money was con-

verted by the defendant to his own use. There is no allegation in the complaint that the money mentioned was received by the defendant in a fiduciary capacity, and it is, therefore, deficient in an essential element. A statement of facts and circumstances which might justify the legal conclusion of money received in a fiduciary capacity does not comply with the statute, inasmuch as it requires such an allegation to be made in the complaint and declares that the plaintiff cannot recover unless he proves the same on the trial. (Code, § 549.) Prior to the amendment of that section, by chapter 672 of the Laws of 1886, the allegation was not required, and, therefore, the decisions prior to that amendment are of no value upon the question discussed. Indeed, the disregard of that amendment has led to many errors in the application of the laws regulating orders of arrest. The effect of the omission considered was not passed upon by the court in *Decatur* v. *Goodrich* (44 Hun, 3), but it was held that facts similar to those herein set out against the defendant did not establish a fiduciary character, and were not such as entitled the plaintiff to an order of arrest, to which *Robbins* v. *Falconer* (43 Supr. Ct. [11 J. & S.], 363) is also akin. The case of *King* v. *Arnold* (12 Week. Dig., 30; S. C., 84 N. Y., 668) relied upon by the plaintiff, was decided in 1881, and, therefore, before the amendment of 1886. It has no bearing upon the question here involved. It is not deemed necessary, however, to pursue this subject further. The plaintiff must, when he invokes the remedy of arrest on the ground that the defendant has, while in his employment, received his money in a fiduciary character, and improperly converted it to his own use, tender an issue on that subject by proper allegation in the complaint and prove it on the trial. He has not taken the first step herein, and his right to that remedy did not exist. The legislature intended to protect an agent or other defendant from improper restraint under section 549 of the Code, by requiring his prosecution to aver his delinquency by specific averment and to establish it by proper proof. This, as already suggested, has not been done, and the order appealed from was, therefore, properly made and should be affirmed, with ten dollars costs and the disbursements of this appeal.

Van Brunt, P. J., and Daniels, J., concurred.

Order affirmed, with ten dollars costs and the disbursements of this appeal.