STEPHEN L. BARTLETT, Respondent, *v.* EDWARD SU-
TORIUS, Appellant.

*N. Y. Supreme Court, First Department, General Term, July 9, 1889.*

*Arrest. Agent. Section 549.*—The complaint, in order to justify an arrest
in an action against an agent, must contain a specific allegation
that the money or property, for the misappropriation of which the
action is brought, was received by such agent in a fiduciary capa-
city.
See Note at the end of this case.

Appeal from judgment entered on verdict directed by the court.

*Austen G. Fox* and *Chas. Stewart* and *Davison,* for ap-
pellant.

*Daniel D. Sherman,* for respondent.

VAN BRUNT, P. J.—The only question necessary to con-
sider upon this appeal is whether the complaint states facts
sufficient to show that the defendant was liable to an order
of arrest.
The allegation of the complaint is that the plaintiff
shipped certain goods consigned to the defendant, then his
agent in New York, to sell for cash or on thirty days' credit;

that the defendant received said goods on account of plaintiff, and thereafter sold the same, with the exception of a small amount, and that the defendant has collected the proceeds of such sale, and has neglected, and still neglects, and refuses to render to the plaintiff a just and true account of such sales, and has also neglected and refused to pay over the proceeds to the plaintiff, with the exception of a small amount, and has wrongfully converted the same to his own use.

Section 549 of the Code provides that a defendant may be arrested in an action where the action is brought to recover for money received, or to recover damages for the conversion or misappropriation of property, where it is alleged. in the complaint that the money was received or the property was embezzled or fraudulently misapplied by a public officer, attorney, solicitor or counsel, or an officer or agent of a corporation, or banking association, in the course of his employment, or by a factor, agent, broker, or other person in a fiduciary capacity, where, on such allegation, the plaintiff cannot recover unless he proves the same on the trial of the action, and a judgment for the defendant is not a bar to a new action to recover the money or chattel.

It is clear, for the reasons stated in the case of Hollis *v.* Bleckert, herewith decided, that the complaint to justify an arrest in an action against the agent, must contain a specific allegation that the money or property, for the misapplication of which the action is brought, was received by such agent in a fiduciary capacity. The complaint in this case containing no such allegation, the motion for judgment upon the pleadings in favor of the defendants should have been granted.

The judgment must be reversed and a new trial ordered, with costs to appellant to abide event.

BARTLETT and BRADY, JJ., concur.

### NOTE ON ARREST FOR MISAPPLICATION OF PROPERTY RECEIVED IN A FIDUCIARY CAPACITY.

Before the amendment of 1886 to subdivision 2 of section 549 of the Code, the facts, upon which the right to an arrest depended in an action to recover money received, or property misapplied, by a person acting in a fiduciary capacity, were to be proved by affidavits or other extrinsic evidence, upon which the order of arrest was granted, and issues thereupon arose upon the defendant's counter-affidavits, and were determined upon his application to vacate the order of arrest. But the effect of this amendment is to require the matters of fact, upon which the right to arrest depends in this case, to be alleged in the complaint, and to be made the subject of issues and proof in the action. Where the plaintiff makes such an allegation in his complaint, in order to lay the foundation for an order of arrest, he is obliged to prove the averment on the trial, in order to recover. But if he fails to establish the allegation on the trial, and thereby suffers a defeat in the action, the judgment for the defendant is not a bar to a new action to recover the money or chattel.

Section 549 of the Code as amended by chap. 672 of the Laws of 1886, in respect to the point under consideration, reads as follows:

Section 549. A defendant may be arrested in an action, as prescribed in this title, where the action is brought for either of the following causes:

2. ————or to recover for money received, or to recover property or damages for the conversion or misapplication of property, where it is alleged in the complaint that the money was received, or the property was embezzled or fraudulently misapplied, by a public officer or by an attorney, solicitor or counselor, or by an officer or agent of a corporation or banking association in the course of his employment, or by a factor, agent, broker, or other person in a fiduciary capacity.

Prior to this amendment, the allegation as to the receipt of the money by the agent in a fiduciary capacity was not required, and, therefore, decisions prior thereto are of no value in the discussion of the question. Hillis *v.* Bleckert, 53 Hun. 499.

The plaintiff must, when he invokes the remedy of arrest on the ground that the defendant has, while in his employment, received his money in a fiduciary character, and improperly converted it to his own use, tender an issue on that subject by proper allegation in the complaint and prove it on the trial. Hillis *v.* Bleckert, 53, *ante.* A statement of facts and circumstances which might justify the legal conclusion of money received in a fiduciary capacity does not comply with section 549 of the Code, inasmuch as this section requires such an allegation to be made in the complaint, and de-

clares that the plaintiff cannot recover unless he proves the same on the trial. Id. In this case, there was no allegation that the money mentioned was received by the defendant in a fiduciary capacity, and the complaint was therefore held to be deficient in an essential element. And in the case of Bartlett *v.* Sartorius, above reported, it was held that, to justify an arrest in an action against an agent, the complaint must contain a specific allegation that the money or property, for the misapplication of which the action is brought, was received by such agent in a fiduciary capacity, and that, as the complaint therein contained no such allegation, the motion for judgment on the pleadings in favor of the defendant should have been granted. See Bartlett *v.* Sartorius, 55 Hun., 608.

In subdivision 2 of section 549 of the Code, the words "in a fiduciary capacity," qualify the factor, agent, broker, or other person, therein specified. Decatur *v.* Goodrich, 44 Hun, 3. The statement that defendant, as agent, became possessed of a sum of money, is insufficient under this section. It is necessary to understand that the money must have been received upon some trust or duty in some fiduciary capacity—more than is implied by the word agent. Id. It is not every case of agency that renders the agent liable to arrest for moneys received. Id.; Walter *v.* Bennett, 16 N. Y. 250; Greentree *v.* Rosenstock, 61 Id. 583. There must be some violation of the trust shown; some wrongdoing on the part of the defendant, more than the mere non-payment of money received, even though it was receievd by an agent. Decatur *v.* Goodrich, *ante.* The court, in Stoll *v.* King, 8 How. 298, held that the criterion in every such case is to determine whether the specific moneys received ought, in good faith, to have been kept and paid over to the employer; or whether the defendant, upon receiving such moneys, had the right to use them as his own, holding himself accountable to his principal for the debt thus created.

Where a factor, according to the general custom of the trade of which the plaintiff is aware, and in which he had acquiesced in all their dealings for many years mingles the proceeds of the sales, whenever made, indiscriminately with his own funds, and pays by his check on Saturday for all merchandise delivered during the week whether sold or unsold, the relation between the parties is not a fiduciary one, but the ordinary one of debtor and creditor exists. Donovan *v.* Connelli, 9 N. Y. C. P. 222; 3 How. N. S. 525.

Where, therefore, a fiduciary relation is alleged and proven, the case falls within section 549 as amended, and the defendant is advised by such an allegation that a judgment is sought against him, making him liable to arrest. Wilbur *v.* Allen, Supm. Ct., Sp. T., N. Y. County,

March 15, 1889. In this case, the complaint did not allege that the broker acted in a fiduciary capacity, nor was there alleged any violation of trust or wrongdoing, beyond the statement of the non-payment of moneys received as agent, and the court held that it was clearly insufficient to support an order of arrest.

Where the cause of action and the right of arrest are identical, as it is now in such cases under section 549 of the Code, the decision of the question as to defendant's fiduciary relation, on a motion to vacate the order of arrest, will be passing upon the merits of the case, and this the court will not do on motion, unless satisfied, upon the facts, that the court should nonsuit plaintiff, or direct a verdict for defendant at the trial. Wilbur v. Allen, *ante;* Myers v. Coffee, 4 Law. B. 2; Honer v. Smith, 1 Id. 10; Bachman v. Goldmark, 48 N. Y. Super. 549.

Though the complaint in King v. Arnold, 84 N. Y. 668; 12 W. Dig. 30, on an application for an order of arrest, was held sufficient to give the judge jurisdiction to grant the order, where it alleged that defendant was employed by plaintiff to sell machinery on commission and that no part of the receipts of the sales thereof had been paid, though sales had been made, payment made therefor and proceeds demanded, the case has no bearing upon the subject here discussed, as it was decided prior to the amendment of 1886 to section 549 of the Code. Hillis v. Bleckert, Id.

In Greentree v. Rosenstock, 61 N. Y. 583, it was said that an action could not be maintained by a principal against a commission merchant to recover damages for an alleged unlawful and fraudulent conversion of the proceeds of goods sold by him, if brought on the theory of a tort. This case was decided prior to the amendment of 1886 to section 549 of the Code. The court, in Roeber v. Dawson, 15 N. Y. C. P., 417; 22 Abb. N. C. 73, held that, though prior to such amendment an action to recover moneys converted by the defendant as plaintiff's agent, while acting in a fiduciary capacity, was regarded as an action on contract, and the right to arrest defendant therefor extrinsic, it is, since such amendment, no longer extrinsic to the cause of action, but an essential part of it, and the action is now, by section 549, treated as one *ex delictu.* Wilbur v. Allen, *ante.*

A broker, who is employed to buy or sell a particular kind of stock, becomes a fiduciary in regard to the moneys which come into his hands; but, if from time to time the money is deposited by margins with the broker, the fiduciary relation, necessary to authorize an arrest, does not exist between the broker and the customer. Mann v. Sands, 2 City Ct. 25.

It was held in Fuentes v. Mayorga, 7 Daly, 103, that where goods are consigned to an individual, and he turns them over for sale to a firm of commission merchants, of which he is a member, their failure

to account for the proceeds, does not render them liable to arrest as fiduciary debtors.

A deposit by a debtor in the hands of a third person of a sum of money, which he directs to be applied to the payment of a debt, will not, where there is no communication with the creditor, create a trust which such creditor can enforce; Morgan v. Regensberger, 2 City Ct. 430; Seaman v. Whitney, 24 Wend. 260; Nelson v. Blight, 1 John. Cases, 205; but if all control or direction over the fund is parted with under an understanding with the creditor to that effect, a trust is created in his favor, which he can enforce against the depositary, with a right to the provisional remedy of arrest. Morgan v. Regensberger, *ante;* Roberts v. Prosser, 53 N. Y. 260.

And the fact that a factor, to whom goods are consigned, is acting under a *del credere* commission, does not necessarily destroy the fiduciary relation existing between himself and the consignor, and in case he is in fact paid by the debtor, the money so received is not his, but his consignor's money, and for a conversion thereof he is liable to arrest. Wallace v. Castle, 14 Hun, 106.

A consignee, by an acceptance of a draft drawn by the consignor upon him, who fails to pay the same out of the proceeds of the consignment, does not cease to be a factor or agent of the consignor; and, in an action to recover the proceeds of the sale of the consignment, an order of arrest is properly granted on the ground that the money was received by him in a fiduciary capacity. Kelly v. Scripture, 9 Hun, 283; Duguid v. Edwards, 50 Barb. 288. But if the action is brought upon the acceptance, instead of for the proceeds, no order of arrest can be had. F. and N. Nat. Bank v. Sprague, 52 N. Y. 605; German Bank v. Edwards, 53 Id. 541.

It was held in Morange v. Waldron, 6 Hun, 529, that to render a person liable to arrest, under subdivision 2 of section, 179 of the former Code, relating to money received in a fiduciary capacity, the identical money must be the property of the creditor; and the following cases were cited to sustain the proposition; Stoll v. King, 8 How. 298; Republic of Mexico v. Arungois, 5 Duer, 634; Duguid v. Edwards, 50 Barb. 288; Wood v. Henry, 40 N. Y. 124; Lewis v. Pusser, 53 Id. 260; 1 Wait's Prac. 612–622.

And a person, who causes the owner to ship certain lots of sugar to the several purchasers to whom he had sold them, and to forward to him the invoices and bills of lading, by representing that he had contracted for the sale of the sugars on the authorized terms, though he had made the sales on different terms, occupies the position of factor, and not of broker; and in an action to recover the proceeds of such sales, an order of arrest is proper, under the provisions of the Code

Note on Arrest for Misapplication of Property.

authorizing an arrest in an action for moneys received in a fiduciary capacity. The Standard Sugar Refinery *v.* Dayton, 70 N. Y. 486.

Where the complaint in an action for money had and received fails to specifically state that the money was received in a fiduciary capacity the judgment, so far as it assumes to authorize the issuing of an execution against the person of the defendant, is erroneous. Moffat *v.* Fulton, 56 Hun, 337. In this case, the trial judge held that the complaint and evidence sufficed to establish the fact that the money was received in a fiduciary capacity; but as there was no such express averment in the complaint, the general term modified the judgment by striking out the provision directing the issue of execution against the person. and, as thus modified, affirmed it without costs.