## TURNEY *v.* GUTHRIE.

*(Supreme Court, Special Term, Monroe County.   July 11, 1891.)*

1. ARREST IN CIVIL ACTION—CONVERSION—BANKER COLLECTING NOTES.
    Where a banker collects notes for one with whom he has no account, and converts the proceeds to his own use, he comes within Code Civil Proc. N. Y. § 549, which provides that a defendant may be arrested in an action to recover money received and converted by a person in a fiduciary capacity.

2. SAME—INDORSEMENT OF NOTES.
    Where plaintiff in such case alleges, and the referee finds, that all the notes were received for collection only, it makes no difference that one of the notes was indorsed and delivered to the banker.

Action by Thomas Turney against James J. Guthrie for the conversion of money.   Judgment for plaintiff.   Defendant moves to set aside a body execution.

*H. F. Remington,* for plaintiff.   *Geo. D. Forsyth,* for defendant.

RUMSEY, J.   The only question presented is whether the action is one in which an execution against the person can issue as of right. That depends upon whether the action is one in which an order of arrest might have been issued under section 549[1] of the Code of Civil Procedure. The complaint alleges that the defendant is a banker and collector; that on or before November 1, 1888, the defendant, acting as such agent, collected said notes, and received the amounts due thereon; and that said sum so received by the defendant as such agent for the plaintiff, and in a fiduciary capacity, the defendant wrongfully misapplied, converted, and disposed of to his own use; and that he has refused to pay it over. The referee found the facts as alleged, and that the defendant sustained towards the plaintiff, at the time said sum was collected and converted, a fiduciary capacity. Judgment was entered on his report, and, an execution against property having been returned unsatisfied, this execution against the person was issued, and the defendant, having been arrested, now moves to set it aside. Before a defendant can be arrested in an action for money misapplied or converted by him in a fiduciary capacity, the plaintiff must not only set out the facts showing that money was so received, but must also directly charge that the money was received in a fiduciary capacity. *Hillis* v. *Bleckert*, 6 N. Y. Supp. 405; *Bartlett* v. *Sutornis*, Id. 406. This allegation may be denied, and, if it is so, the plaintiff cannot recover unless he proves it. Code Civil Proc. § 549. In this case that fact was alleged in such a way that the defendant understood it, and he denied it in his answer. Upon the issue thus framed the referee has found the facts that the defendant, when he collected and converted the money, sustained towards the plaintiff a fiduciary capacity. The defendant questions the correctness of this finding. It is doubtful if this can be done. The correctness of the findings of a referee, like those of a court, can usually be questioned only on appeal. *Garbutt* v. *Garbutt*, 4 N. Y. St. Rep. 416. But, passing that, I am of the opinion that the facts found sustain the plaintiff's claim that the money was received by the defendant in a fiduciary capacity. The defendant was a banker, but he was also a collector of paper, and the plaintiff had no account with him, and sent the five notes to the defendant for collection only. In such a case the person receiving notes, although he is a banker, occupies no different relation towards the principal and owner than any other agent. *Marine Bank*

---

[1] Section 549 of the Code provides that a defendant may be arrested in an action, where the action is brought to recover for money received, or to recover damages for the conversion or misappropriation of property, "where it is alleged in the complaint that the money was received, or the property was embezzled or fraudulently misapplied, by a public officer, attorney, solicitor, or counsel, or an officer or agent of a corporation or banking association in the course of his employment, or by a factor, agent, broker, or other person in a fiduciary capacity."

v. *Fulton Bank*, 2 Wall. 252. The proceeds of the note still belong to the owner of them. *People* v. *Bank*, 39 Hun, 187. The agent holds them in a fiduciary capacity. *Dickerson* v. *Wason*, 47 N. Y. 439. All the cases cited by the defendant's counsel exhibit the relation of debtor and creditor simply, either by course of business, or because that relation had existed. Such is not the case here. It is argued that, as one of the notes was indorsed and delivered to the defendant, he became the owner of that note, and cannot be charged with converting its proceeds; and therefore, as he could not be arrested for that part of the cause of action, he cannot be arrested for any part of it. *Madge* v. *Puig*, 71 N. Y. 608. The trouble with that contention is that the plaintiff alleges and the referee finds that defendant took all the notes for collection only. Consequently the defendant held all the proceeds in the same way. The motion to set aside the body execution must be denied, with $10 costs.