FRANK B. GENIN, APPELLANT, *v.* SAMUEL K. SCHWENK, RESPONDENT.

*Practice — order of arrest — fiduciary capacity — what the complaint must state — a complaint in the alternative is bad.*

Where a plaintiff seeks an order of arrest, upon the ground that the defendant has received money in a fiduciary capacity, his complaint must state that fact distinctly, and it is not sufficient that from the complaint it may reasonably be inferred that a fiduciary relation has existed.   (BARRETT, J., dissenting.)

Where it was impossible, from the allegations of a complaint, to determine whether the action was brought to recover the proceeds of certain notes or damages for their conversion, the complaint alleging in one clause that the defendant had parted with the notes for his own benefit, and in another clause that he still retained them, it was

*Held,* that such allegations in the alternative would not support an order of arrest.

APPEAL by the plaintiff Frank B. Genin from an order made at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 25th day of June, 1891, vacating an order of arrest theretofore granted against the defendant.

*D. E. Anthony,* for the appellant.

*S. Keeler,* for the respondent.

Van Brunt, P. J. :

An order of arrest having been granted in this action upon the ground of wrongful conversion of personal property and damages for the misapplication thereof, and that the same had been received by the defendant as a factor or agent in a fiduciary capacity, a motion was made to vacate the said order upon the complaint, affidavit and papers upon which the same was granted. The ground, apparently, upon which said motion was founded was that the complaint did not explicitly aver that the defendant was sought to be charged as having received the money in a fiduciary capacity.

It has already been held by this court, in the case of *Hillis* v. *Bleckert* (53 Hun, 499) and *Bartlett* v. *Sutorious* (32 N. Y. State Rep., 1127), that a statement of facts and circumstances which might justify the legal conclusion of money received in a fiduciary capacity does not comply with the statutes, inasmuch as it requires such an allegation to be made in the complaint, and declares that the plaintiff cannot recover unless he proves the same on the trial.

In other words, it is the intention of the Code that the plaintiff, in order to exercise the right of arrest, shall state distinctly that he seeks to charge the defendant because of the fiduciary relation and because of that only, and it is not sufficient that, from the facts stated in the complaint, the fiduciary relation may reasonably be inferred. The defendant is entitled to know when suit is brought against him whether the plaintiff seeks to charge him because of the fiduciary relation or simply to recover as for a debt. In the one case he might be called upon to defend ; in the other he might have no defense.

If this is not so, then the plaintiff may declare in a manner from which either the fiduciary relation might be reasonably inferred, or that he seeks to recover simply for the debt, and the defendant would be unable to ascertain which claim the plaintiff will make, until the cause came to trial, and thus be put to the expense of appearing and preparing for trial, and when the case came on for trial, he being prepared to rebut the inference of a fiduciary relation, the plaintiff might say, "I do not intend to recover because of such relation."

The amendment of the Code of 1886 intended to make the fiduciary relationship an issuable fact to be tried by a jury, and in those cases one of the essential facts to be established ; because, it says, where such allegation is made the plaintiff cannot recover unless he proves

the same upon the trial, and a judgment for the defendant is not a bar to a new action to recover the money or chattel.

Now, it is clear from this language that the claim to recover because of the fiduciary relation must be distinctly stated, and not merely result from inference; and that the complaint can bear but one construction, so that no recovery can be had upon it, unless the fiduciary relation is established.

But in the case at bar there is another objection which is fatal to the maintenance of the order of arrest. The complaint alleges that the plaintiff, being desirous of securing for his use the sum of $2,850, less bank discount thereon, made and executed a stock note for the amount, which he delivered to the defendant, he representing that he could secure the discount of the note and would turn over the proceeds thereof to the plaintiff; that a few days thereafter the defendant brought to the plaintiff two promissory notes of one Holly, in the aggregate of the same amount as the note made by the plaintiff, and represented to the plaintiff that he had obtained said notes of Holly in exchange for the notes of the plaintiff, and that he would secure and obtain the discount of Holly's notes, whereupon the plaintiff indorsed the notes and delivered them to the defendant for the purpose of having them discounted.

The complaint then alleges: "That, as is herein alleged upon information and belief, shortly after said sixth day of June the defendant did discount said notes, or parted with their possession, for his own use and benefit, and without the consent of this plaintiff, and has since retained, and still retains, said notes or others of like amount in the aggregate, made by the same maker, as renewals thereof, or the proceeds realized by said defendant from the discount of said notes, and has converted the amount of said notes, less the bank discount upon the same, to his own use and benefit, excepting only the sum of $901, which was paid to this plaintiff by said defendant between the 11th day of June, 1890, and the 30th day of January, 1891, which said sum of $901 was paid by the defendant to this plaintiff as a pretended loan or advance, and upon the representation that the said defendant had not yet been able to discount the said Holly notes."

The complaint then alleges: "That plaintiff has duly and frequently demanded of the defendant the delivery to him of said

Holly notes, or the renewal notes given in the place thereof, or the proceeds realized upon the discount of said notes or renewal notes; but the defendant has failed and neglected, and still fails and neglects, to deliver said notes or the proceeds thereof to this plaintiff, and still retains them for his own use and benefit to the damage of this plaintiff," etc.

It is clear that the plaintiff had no right to demand the notes until he paid him the $901 received by him. Therefore no action would lie for the conversion of the notes themselves; and it is impossible to tell from the allegations in this complaint whether the action is brought to recover the proceeds received by the defendant upon the discount of the notes or for the conversion of the notes themselves, because the allegations are absolutely inconsistent with each other, alleging in one clause that he had parted with the notes, and in the next that he has them in his possession.

A complaint in this form cannot support any provisional remedy. If the plaintiff claims to recover upon the ground of the conversion of the notes themselves because of the refusal to deliver upon demand, the action cannot be maintained because there is no allegation of the tender of the $901 received, for the payment of which the defendant had the right to hold the notes.

We think, therefore, that the order of arrest was properly vacated, and that the order appealed from should be affirmed, with ten dollars costs and disbursements.

DANIELS, J., concurred.

BARRETT, J. :

I dissent from the proposition that it was necessary to characterize the defendant's relation to the plaintiff in the formal words of the Code. The complaint clearly showed such relation; and upon the facts stated the notes or their proceeds were fraudulently misapplied by the defendant while acting in a strictly fiduciary capacity. It is not a case of reasonable inference on that head, but of absolute certainty. It was not a case of a business agency, but of a single and special transaction where the defendant was to do just one thing for the plaintiff, and where, in doing that one thing, he necessarily acted in a fiduciary capacity.

I dissent, also, from the proposition that it was necessary to repay the $901 before the plaintiff had a right to demand the Holly notes. It is alleged that the payment of this sum was really on account of the notes, although the pretense of a loan or advance was put forward. If the defendant had the plaintiff's money in his hands and turned over part of it, the plaintiff had a perfect right to sue for the balance. He surely cannot be required to return his own money, which was part of the sum fraudulently converted, as a prerequisite to suing for the balance. But I concur in the result, for the reason that the complaint is improperly in the alternative, and that it is impossible, as it reads, to frame such a distinct issue as is contemplated by subdivision 2 of section 549 of the Code. The plaintiff cannot state that the defendant parted with the notes for his own benefit, and, in the same sentence, aver that the defendant still retains the notes. Still less can he allege, in an alternative sequence, that the defendant yet retains the notes *or renewals thereof, or the proceeds realized from the discount of the notes.* Under this subdivision of section 549 the defendant can only be arrested where the action is brought to recover for money received in a fiduciary capacity, or to recover property or damages for the conversion or misapplication of property by some person in such fiduciary capacity. And it must be alleged in the complaint that the money was received or the property embezzled or fraudulently misapplied by such person in a fiduciary capacity. The issue to be thus tendered must be clear and precise. Here it is impossible to tell whether the plaintiff is suing for the conversion of the original Holly notes, or for the conversion of the renewals, or for the proceeds of the original notes, or for the proceeds of the renewals. We cannot say, therefore, whether the action is for money received in a fiduciary capacity or for property fraudulently misapplied. Considering the provision that the plaintiff cannot recover upon the trial unless he proves the allegation of his complaint on this head, it is perfectly evident that an order of arrest should only be granted in such a case where a single cause of action, embracing some one ground specified in the section, is clearly and definitely stated.

The order should, therefore, be affirmed, with costs.

Order affirmed, with ten dollars costs and disbursements.