## SHIPLEY v. PLATTS.

A laundry agent in a country town, whose duties are to collect articles, forward them to the laundry in the city, receive them back and distribute them, make collections, and remit to his principal after deducting his commissions, the agency having continued for more than a year, occupies a fiduciary relation towards his principal, so that, under Bankr. Act 1898, § 17 (Act July 1, 1898, c. 541, 30 Stat. 550 U. S. Comp. St. 1901, p. 3428), providing that a discharge shall not affect debts created by the bankrupt's misappropriation or defalcation while acting in any fiduciary capacity, a discharge will not avail him against his principal's claim for money's not turned over. HANEY, P. J., dissenting.

(Opinion filed Nov. 11, 1903.)

Appeal from circuit court, Moody county, Hon. JOSEPH W. JONES, Judge.

Action by W. J. Shipley against H. H. Platts. From a judgment for defendant entered on a directed verdict. Plaintiff appeals. Reversed.

*Joe Kirby* for appellant.

*U. S. G. Cherry*, for respondent.

FULLER, J. On the 16th day of November, 1899, plaintiff, who owns and operates a laundry in the city of Sioux Falls, made a contract with the defendant authorizing him to solicit laundry customers in the village and vicinity of Egan, where the latter was engaged in the mercantile business. Pursuant to this contract and the general usage, packages belonging to various persons were delivered at or gathered into the store and forwarded by the defendant to the laundry in a basket, which plaintiff had provided for that purpose, and in which the same were returned to the defendant as soon as the work was finished, together with a statement of each customer's account. Defendant was to deliver each package to its owner collect the amount due, and remit the same to plaintiff, less a certain per cent. to be retained as commission for his services. Certain remittances were made, and business was conducted from week to week, according to this arrangement, until December, 1900, when there was $58.38 due plaintiff, and this action is to recover the same. The defense was a discharge in bankruptcy under the United States statute, and this appeal is from a judgment for the defendant entered upon a verdict directed at the conclusion of the evidence. For some time prior to making this arrangement with appellant, respondent

had been procuring customers for a laundry at Austin, Minn., and according to his own testimony the change was made for the purpose of obtaining a better commission.

The relation of the parties to one another and the nature of the employment is clearly shown by the following testimony of H. H. Shipley: "The plaintiff is my brother. He has been engaged in the laundry business at Sioux Falls for several years. I have had charge of the management of the office and charge of the outside agencies. I did the business management for him. I met Mr. Platts before this trial. In our business we go into the surrounding country and establish agencies for the transaction of our business in the outside towns. We appoint agents. In this case, especially, I appointed Mr. Platts agent at Egan, for Egan and surrounding country, to collect laundry for us and send it to us. I cannot, after this length of time, give the exact words. I offered Mr. Platts a certain commission to act as our agent at Egan, and he accepted the commission, and acted as our agent in collecting laundry, and we do it up and return to him. He would collect for it—take cash for every package we let out. He was to remit the amounts collected to us, less his commission. The agreement was that it was on a percentage basis, and he was to get one-third. That was along about the 1st of November 1899, I believe. The books will show it. In addition to appointing agents, I had charge of the books. Was personally present in the office, attending to these things, during this time. Whenever we sent a basket to Platts, we inclosed in that basket a bill for the amount of each package in the basket, together with the total amount, less his commission, showing the net amount he was to remit to us. There never was any

complaint made, that I know of, in regard to the amount of the statements or bills. At the end of the month we also sent a statement showing the net amount due us at the end of each month. Part of the time these baskets were shipped out every week, and part of the time every two weeks. A general statement was made at the end of the month, and each time there was a basket sent ont there was a bill sent with it, including all past months' general statements."

Section 17, of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]) expressly provides that the discharge of a bankrupt shall not affect debts created by his misappropriation or defalcation while acting in "any fiduciary capacity." While conceding that respondent is in default in the exact sum claimed, his counsel contends that the relation between the parties is simply that of debtor and creditor, and such was the view of the trial court. The obligation of respondent seems to partake more of a fiduciary character than that of a person to whom personal property is delivered by the owner pursuant to an agreement that he will effect a sale thereof and deliver the proceeds to such owner, less a stipulated commission for his services. Such a contract might involve but a single transaction, while in this case a confidential relation had existed between the parties for more than a year. Numerous bills were forwarded to respondent and collected from those who patronized the laundry, and the money, less the commission agreed upon, all belonged to appellant, and it was a breach of good faith to retain any portion of it. With the exception of the commission allowed for his services, respondent was no more the owner of the money collected than of the packages received at his store to be forwarded to appel-

lant and delivered to respective customers when returned from the laundry. Viewed in the light most favorable to respondent, he is in the exact position of a private person intrusted with the collection of accounts against various persons for whom the owner of such accounts has performed labor, and his case cannot be distinguishrd from that of attorneys with whom promissory notes are left for collection. The following authorities are to the effect that such obligations, as well as those incurred by persons who have sold goods on commission and retain the proceeds, constitute debts created while acting in a fiduciary relation within the meaning of the bankruptcy act. Lemcke v. Booth, 4 Am. Rep. 326; White v. Platt, 5 Denio 269; In re Kimball, 6 Blatchf. 292, Fed, Cas. No. 7,769; Hardenbrook v. Colson, 61 How. Prac. 426; Matteson v. Kellogg, 15 Ill. 547; Jones v. Russell, 44 Ga. 460; Fulton v. Hammond (C. C.) 11 Fed. 291; Duguid v. Edwards, 50 Barb. 288. The decisions which shield debtors of this character appear to be based upon the bankruptcy act of 1841 (Act Cong. Aug. 19, 1841, c. 9, 5 Stat. 440), which discharged all debtors unless they become such when acting in a certain specified fiduciary relation, while the broader terms of the present statute include all debts created by the default of a bankrupt acting in any fiduciary relation. Within the plain intendment of the law and the great weight of authority, the discharge in bankruptcy is not a defense to this action.

The judgment appealed from is reversed, and a new trial ordered.

HANEY, P. J., dissenting.